IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NANCY CARR

Plaintiff

vs

LIFE INSURANCE COMPANY OF NORTH AMERICA

Defendant

CIVIL 04-2345 CCC

## ORDER

This case was initially filed pursuant to our diversity jurisdiction. Plaintiff Nancy Carr filed an amended complaint adding an alleged claim under the Employee Retirement Income Security Act 29 U.S.C. §1001 (ERISA) after defendant Life Insurance Co. of North America (LINA) filed its first motion to dismiss[1], (docket entry 2), which was based on the ERISA's preemption of her state law claims. Now before us is defendant Life Insurance Company of America's (LINA) Motion to Dismiss Amended Complaint filed April 27,2004 (Docket entry 11), which remains unopposed[2]. Carr alleges that benefits from a Long-Term Disability Income Policy issued by defendant were discontinued after May 20, 2001

> when she was ruled not any longer under a continuous total occupation disability after that date because... available medical data provided did not support the limitations listed by her treating physician , her reported physical activities (climbing stone mountain, working in a Ministry on grants and charity work) exceeded the limitations her doctor reported and, so, her claim under Cisco Systems– Long Term Disability policy was denied April 17, 2002 and payments to her were suspended.

---

[1] The first motion to dismiss is moot because defendant filed the second motion to dismiss addressed to the amended complaint.

[2] Plaintiff contends the first motion to dismiss was never received, see, docket entry 5, although it was electronically mailed to her attorney at the same email address through which he receives the court's orders. See defendant's certification, docket entry 2. The docket and the defendant's certification also reflect that the second dismissal motion was e-mailed to her attorney. Inasmuch as the plaintiff receives the court's orders, it is established that defendant's filings are being notified to the correct address.

CIVIL 04-2345 CCC                              2

Amended complaint, at ¶3.

    Carr states at ¶4 of the amended complaint that the appeal was denied

> despite her very well documented medical records provided in Spanish[ ] "noted" that the information provided did not clearly outline the limitations and/or restrictions to your abilities. "While you do have multiple documented illnessoses (sic), their impact on your functionality was documented to the extent[] that you are precluded from working in your sedentary occupation."

    The plaintiff follows this allegation with an extensive list of her medical conditions, which she contends were documented as of February 10, 2003, the date on which she states that her appeal of the denial was denied. She also avers that "Dr. McKenzie did write that plaintiff could not work.³" Her amended complaint (docket entry 12), as with her original complaint, does not identify the legal source for any of her claims⁴.

    Carr's first four causes of action seek damages for lost income, suffering and mental anguish, costs and legal fees, and punitive damages, respectively, pursuant to unspecified laws.

    Plaintiff's fifth cause of action, which purports to be her claim under ERISA, reads as follows:

> All previous allegations are hereby incorporated by reference as if herein re-written.
>
> 12.   Pursuant to 29 U.S.C., Chapter 18, <u>every employer is required to provide an employee retirement income security program</u>, ERISA, which exercise authority to control and manage the operation and administration of the plan.
>
> 13.   Although <u>plaintiff ignores the moves of the fiduciaries administering the retirement income security plan</u> for CISCO System, she wants to address and direct her claim to cover for Erisa.

Our emphasis.

---

    ³See Complaint, at ¶6. Much of this allegation is repeats the allegations ¶4.

    ⁴The cover sheet included with her case states that it is a diversity case based on a violation of an insurance contract and a tort claim arising from that violation. No specific sources for these violations are cited.

CIVIL 04-2345 CCC                              3


     We note that plaintiff, who is represented by counsel, purportedly amended the complaint to add a cause of action under ERISA when LINA brought to her attention in its first motion to dismiss, (docket entry 2), that ERISA preempts her state law claims. The complaint, however, does not allege any facts that constitute a retirement income claim or fraud, which is what Carr alleges in her fifth cause of action.

     Defendant LINA's unopposed Motion to Dismiss Amended Complaint filed April 27, 2004 (Docket entry 11) raises the same objections as the first, and adds the fact that the fifth cause of action is directed to ERISA, not the defendant, and should therefore be dismissed for failure to state a claim against the insurer.

     For the reasons stated by LINA in its second motion to dismiss with regard to ERISA's presumption of the state law claims as well as the fact that the substantive allegations in the complaint do not support the fifth cause of action for a retirement income security claim under ERISA, the Motion to Dismiss Amended Complaint, (Docket entry 11) is GRANTED and this action is DISMISSED. Judgment will be entered dismissing this case.

SO ORDERED.

     At San Juan, Puerto Rico, on July 29, 2005.


                                             S/CARMEN CONSUELO CEREZO
                                                United States District Judge